**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4467**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALFRED MUSA,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge. (1:15-cr-00247-GLR-2)

Submitted: April 17, 2018                                      Decided: April 27, 2018

Before WILKINSON, WYNN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jenifer Wicks, THE LAW OFFICES OF JENIFER WICKS, Takoma Park, Maryland, for Appellant. Stephen M. Schenning, Acting United States Attorney, Lauren E. Perry, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Alfred Musa pled guilty to conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(a)(2), (a)(3), (a)(5), (b)(2) (2012); aggravated identity theft, in violation of 18 U.S.C. §§ 2, 1028A(a)(1), (c)(4) (2012); and identification document fraud, in violation of 18 U.S.C. § 1028(a)(3), (b)(1)(A)(ii) (2012). The district court sentenced him to 120 months' imprisonment. On appeal, Musa challenges the district court's denial of his motion to withdraw his guilty plea, contending that plea counsel rendered ineffective assistance. We affirm.

We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012). To withdraw a guilty plea before sentencing, a defendant must "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "The defendant bears the burden of demonstrating that withdrawal should be granted." *United States v. Thompson-Riviere*, 561 F.3d 345, 348 (4th Cir. 2009) (brackets and internal quotation marks omitted). Where the district court substantially complied with the Rule 11 requirements, the defendant must overcome a strong presumption that his guilty plea is final and binding. *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

In deciding a motion to withdraw a guilty plea, courts consider the following non-exhaustive list of factors:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion to withdraw the plea; (4) whether the defendant had the close assistance of competent counsel;

2

(5) whether withdrawal will cause prejudice to the government; and (6) whether [withdrawal] will inconvenience the court and waste judicial resources.

*Nicholson*, 676 F.3d at 384 (citing *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991)). Of these factors, the first, second, and fourth factors "speak most straightforwardly" to whether the defendant has met his burden of withdrawal, while the third, fifth, and sixth factors "are better understood as countervailing considerations that establish how heavily the presumption should weigh in any given case." *United States v. Sparks*, 67 F.3d 1145, 1154 (4th Cir. 1995).

We have reviewed the record on appeal, and we conclude that the district court did not abuse its discretion in denying Musa's motion to withdraw his guilty plea. The record shows that the district court held a hearing and properly weighed the *Moore* factors in denying the motion. The district court conducted a comprehensive Rule 11 hearing prior to accepting Musa's guilty plea and Musa fails to overcome the strong presumption that his guilty plea is final and binding. *See Lambey*, 974 F.2d at 1394. Musa also makes no credible assertion of legal innocence. Further, Musa swore under oath that he was satisfied with counsel's representation at the plea hearing and, beyond his bare assertions, Musa fails to point to any evidence of ineffectiveness. *See Christian v. Ballard*, 792 F.3d 427, 444 (4th Cir. 2015) ("Solemn declarations in open court carry a strong presumption of verity . . . ." (alteration and internal quotation marks omitted)).

Finally, Musa contests the district court's refusal to grant an evidentiary hearing on the motion, but "a defendant [does not] automatically get an evidentiary hearing as a matter of right whenever he seeks to withdraw his guilty plea." *Moore*, 931 F.2d at 248.

3

While evidentiary hearings should be liberally granted, a defendant is not entitled to such a hearing unless he demonstrates "that a fair and just reason supports his request to withdraw." *Id.* (internal quotation marks omitted). Musa failed to make such a showing, and the district court was well within its discretion in ruling on Musa's motion without an evidentiary hearing.

Accordingly, we affirm the district court's denial of Musa's motion to withdraw his guilty plea and the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*